REQUESTED BY: Dennis D. King, Sheridan County Attorney Gordon, Nebraska
1. Are time deposits of county funds governed by the pro-rata provisions of Neb.Rev.Stat. § 77-2314 (Reissue 1976)?
2. What is the effect of the exception found in §77-2314 permitting the county treasurer to select one or more banks in which he may keep funds in excess of the pro rata requirement for the transaction of day-to-day requirements?
3. Is the county treasurer required to request bids from all eligible banks for the deposit of county funds in interest-bearing accounts?
1. No.
2. If only such funds as are necessary for day-to-day requirements are kept in demand accounts, it permits the county treasurer to keep all demand deposits in one or more banks, in spite of the pro-rata language of § 77-2314.
3. Not in a formal sense, but he should check with all such banks to attempt to obtain the best terms available.
1. Neb.Rev.Stat. § 77-2312 (Reissue 1976) requires the county treasurer to keep funds collected and held by him on deposit in banks doing business in the county. Section77-2313 provides that such deposits shall be payable upon demand. Section 77-2314 provides that deposits shall be prorated among banks located in the county and selected by the county board in proportion to the amount of paid-up capital stock of each such bank so selected.
We reviewed the history of this legislation in an opinion dated January 9, 1962, report of the Attorney General 1961-62, page 222, and concluded that the pro-rata rule applied only to demand deposits, and not to time deposits. Section 77-2340, which authorizes time deposits, was passed much later than the provisions dealing with demand deposits, and we concluded that when the authorization was given for time deposits, the Legislature considered such deposits to be `investments,' rather than deposits, and that the pro rata rule did not apply. We believe that opinion to be correct.
2. Section 77-2314 was amended in 1974 by adding an exception to the pro-rata rule for demand deposits. This section now provides that the money shall be deposited pro-rata `except that the county treasurer may select one or more banks to be used for active accounts in which he may keep deposited in excess of these requirements only such funds as may be necessary for the transaction of ordinary day-to-day requirements.'
It appears to us that the exception all but negates the pro-rata rule, if we are correct that it applies only to demand deposits. It is the county treasurer's duty to secure the best return possible on money in his hands. No interest is paid on demand deposits. Why would he keep on demand deposit more than was necessary `for the transaction of ordinary day-to-day requirements?' If he keeps what he considers necessary for such purposes in one bank account, and keeps the rest in time deposits, or other investments, we do not see how he could be held to be violating the law.
We have checked with the State Auditor, and are informed that most county treasurers are, in fact, maintaining checking accounts in only one, or perhaps two, banks, and are not attempting to distribute demand deposits pro-rata among the county's banks. We believe the exception found in § 77-2314 justifies that practice.
3. You asked whether the county treasurer is required to request bids from all eligible county banks for time deposits pursuant to § 77-2340. We find no statutory provision requiring formal bidding for such funds. Section77-2340 limits the banks eligible to accept time deposits from counties to those selected as depositories pursuant to §§ 77-2312 to 77-2315. Section 77-2313 permits any bank in the county to apply for the privilege of keeping money, so, in that sense the banks `bid' for the money, but there is not provision for competitive bidding for the privilege, or even any requirement that the county treasurer solicit applications from the banks.
In our opinion of January 9, 1962, we implied that §77-2324, requiring the county treasurer to use all reasonable and proper means to secure the best terms for the depositing of the county's money, applied to time deposits. We have some question about the accuracy of that implication. In the first place, § 77-2324 was passed in 1981 as a part of the bill dealing with demand deposits, and has never been amended. Furthermore, it specifically refers to the prompt payment of the funds of the county `when demanded.' We think the analysis by which we concluded that the pro-rata provisions did not apply to time deposits might also indicate that § 77-2324 did not apply either.
Nevertheless, the county treasurer has the duty as a fiduciary for the county to secure the best terms available for time deposits of county money. He should, therefore, check with all banks in the county in an attempt to secure the highest rate of interest possible, consistent with statutory provisions dealing with the security of such funds. We do not, however, believe this requires any formal bidding for the funds.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Ralph H. Gillan Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General